Per curiam:
We must not depart from the settled rules of law to avoid an inconvenience in a particular case.— It is better for the individual to suffer that inconvenience, than that the public should suffer a genera) mischief, by having the rules of law rendered arbitrary and uncertain. The rule of law is well known, that an omission on the part of the executor or administrator, to plead want of assets, is a confession of them, so that he can never af-terwards be permitted to say he had no assets to satisfy that demand. The proper judgment in such case, is, to he levied debonis testatoris; for the law will not presume *251 there are no assets, when admitted by the executpr that there are, until it shall appear upon the return of the of-fleer. Godd. 199, sec. 7 and 8. The costs of the first .judgment are to be levied de bonis propriis, because, having assets of the deceased in his hands, he ought therewith to have satisfied the debt, and not have incurred the costs of a suit; which as they must necessarily be paid by some one, now the suit has been commenced, are justly charged upon him who hath occasioned them, and noton the estate of the inte-tate : arid therefore in such case the true method of entering the judgment is this, the principal to he levied de bonis testatoris, and the costs amounting to so much, to be. le\ ied de bonis propriis. And, the judgment to have execution de bonis propriis foe the principal, is always a subsequent judgmen', founded un«n the sci. fa. This judgment was therefore..well «-mered, and this sci. fa. well brought upon tiie return the Sheriff hath made, and the Plaintiff must have judgment at cording to the sci. fa. — And he had judgment accordingly. Vide Office Exec. 165 to 172.
Note. — In several cases like the present, after the return of a nulla bona by the Sheriff, the court permitted a special fi. fa to issue (Hogg's Ex’rs. v. White’s Adm'rs. post 298. Burnside v Greenside, 2 Hay. 112. Alston v. Harris’s Ex’rs. Ibid. 125.) but the case of Hunter v. Hunter’s Adm’rs. N. C Term Rep. 122, decides t! at the special f. fa. is improper, and that a sci. fa. or debt (or a devastavit is the only proper course. See 1 Saund. 219, note 8. Toller’s Law of Ex’rs. 469.